NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-357

COMMONWEALTH

vs.

VICTOR PENA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury convicted the defendant, Victor Peña, of kidnapping, G. L. c. 265, § 26, and ten counts of aggravated rape, G. L. c. 265, § 22 (a).  On appeal, the defendant asserts that the judge erred in denying his motions to present his demeanor in an unmedicated state to the jury.  We affirm.

Background.  We need not recite the trial evidence in any detail.  The jury could have found that the defendant kidnapped the victim on the night of January 19, 2019, as she was leaving a bar in Boston, and held her captive in his apartment for three days.  He hid her telephone and keys and subjected her to repeated rapes and other degrading acts.  The defendant

testified at trial that he believed the events that occurred were consensual.

The day before the trial began, the judge determined that the defendant was competent to stand trial. The defendant had been committed to Bridgewater State Hospital (Bridgewater) for multiple evaluations and was found competent each time. The judge considered five evaluations of the defendant and heard expert testimony from Dr. Jeffrey Miner, a forensic psychologist; Dr. Johnathan Young, a forensic psychologist at Bridgewater; and Erin Regan, the defendant's nurse practitioner at Bridgewater. The judge credited Dr. Young's opinion that the defendant did not suffer from "a major mental illness," had a "likely higher" capacity than he presented, and was able to communicate his needs, respond to questions, and describe his experiences with the legal system. The judge also relied on his own observations of the defendant, finding that "[t]he defendant's conduct elevates at times" and that he "convey[s] an understanding of what is being said and the charges" against him. The judge concluded that the defendant's behavior, rather than demonstrating incompetency, was "seemingly designed to delay this trial."

At trial, the defendant provided notice of his intent to present a defense of lack of criminal responsibility because of mental disease or defect. The defendant moved for jury

2

instructions on the affirmative defense of lack of criminal responsibility and on the consequences of a verdict of not guilty by reason of lack of criminal responsibility, which the judge allowed. The judge denied, however, the defendant's motions to permit the jury to observe his demeanor in an unmedicated state.

Discussion. The defendant contends that because his mental capacity to commit the crimes charged was at issue, the judge erred in depriving him of the opportunity to place his unmedicated demeanor before the jury. He argues that this ruling violated his right to present a defense under the Sixth and Fourteenth Amendments to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights, specifically his right to "place before the jury any evidence which is at all probative of his mental condition." Commonwealth v. Louraine, 390 Mass. 28, 34 (1983).

"When a defendant is medicated at trial, he may introduce evidence of the effect of that medication, if it is relevant to the issues in the case." Commonwealth v. Zagrodny, 443 Mass. 93, 104 (2004), citing Commonwealth v. Gurney, 413 Mass. 97, 103-104 (1992). Particularly where the defendant raises a defense of lack of criminal responsibility due to mental disease or defect, appearing before the jury with a "controlled outward appearance" due to medication may result in "unfair prejudice."

3

Gurney, supra at 101, citing Louraine, 390 Mass. at 35. A defendant, however, does not have an "unrestricted" right to appear unmedicated. Commonwealth v. Gaboriault, 439 Mass. 84, 95 (2003). See Commonwealth v. Brown, 449 Mass. 747, 770 (2007) (right to present evidence probative of mental condition "may be tempered according to the discretion of the trial judge" [citation omitted]). "[I]n some cases, the defendant's demeanor in an unmedicated condition will not be relevant." Gurney, supra at 103, quoting Louraine, supra at 38. Whether a defendant is entitled to appear in an unmedicated state must be assessed "on a case-by-case basis." Gaboriault, supra, citing Gurney, supra.

Here, the judge did not err or otherwise abuse his discretion in determining that evidence of the defendant's unmedicated demeanor had little if any probative value. See Brown, 449 Mass. at 770. First, there was no evidence that the defendant suffered from a psychotic disorder that required medication to control its effects. Medical providers at Bridgewater prescribed the defendant with risperidone to address his mood stability, impulsivity related to his antisocial personality disorder, and "self-reported psychotic symptoms," but not "to treat symptoms of a major mental illness (e.g. hallucinations, delusions, mania, depression, etc.)." See Commonwealth v. Torres, 437 Mass. 460, 463 n.4 (2002)

4

("Antisocial personality disorder generally does not constitute a mental disease or defect").  The defendant's treating nurse practitioner at Bridgewater did not see "evidence of an underlying psychotic or mood disorder."  Dr. Young concluded that even though the defendant "may see some benefit" from risperidone, "it likely only provides minimal impact . . . and there would likely be very minimal change in his presentation [if] he were to stop taking the medication."  The defendant did not introduce any evidence to the contrary in support of his motions to appear in an unmedicated state.

In addition, it was unclear whether the defendant was compliant with his risperidone prescription during trial.  Although he was prescribed risperidone on an "as needed" basis and accepted the medication during his commitment at Bridgewater from June 28 to July 6, 2022, medical records indicated that he only "partially" accepted the medication while incarcerated.  There was no evidence that he continued taking risperidone after his final discharge from Bridgewater before trial.  Defense counsel stated twice during trial that he did not know whether the defendant was taking medication, and the defendant did not testify about his mental illness or medication use.  See Zagrodny, 443 Mass. at 104-105 (affirming finding that defendant's unmedicated demeanor was not relevant to lack of criminal responsibility defense where it was "far from clear"

5

that he was not medicated at time of offense or medicated during trial).

The defendant's reliance on Louraine is unavailing. In that case, the defendant was diagnosed with paranoid schizophrenia, expert medical testimony established that he was receiving "maximum" dosages of antipsychotic medication to mitigate the effects of that condition, and the trial judge determined that the medication enabled the defendant to "control himself and to cope with these episodes." Louraine, 390 Mass. at 32-33. Here, by contrast, there was no competent evidence of a psychiatric disorder, it was unclear whether the defendant was complying with his risperidone prescription, and expert evidence indicated that the medication had only a "minimal impact" on the defendant's presentation. Given these circumstances, evidence of the defendant's unmedicated demeanor had little probative value, and the denial of his motions to appear in an unmedicated state did not deprive him of a fair trial. See Zagrodny, 443

Mass. at 104-105; Gaboriault, 439 Mass. at 95-96; Louraine, supra at 33.

Judgments affirmed.

By the Court (Rubin,
  Massing & Toone, JJ.[1]),

Clerk

Entered:  July 8, 2026.

---

[1] The panelists are listed in order of seniority.